IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARCEL SEVCIK, | ) | Civ. No. 05-00801 ACK/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNLIMITED CONSTRUCTION SERVICES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF ALL OSHA CLAIMS AND DENYING PLAINTIFF'S MOTION TO DISPOSE OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

**PROCEDURAL BACKGROUND**

On December 28, 2005, pro se Plaintiff Marcel Sevcik ("Plaintiff") filed a Complaint against Defendant Unlimited Construction Services, Inc. ("Defendant") alleging numerous instances of injurious conduct that adversely affected his employment. Plaintiff also requested leave to proceed in forma pauperis. The Court denied Plaintiff's request to proceed in forma pauperis on January 20, 2006.

Defendant filed an Answer to Plaintiff's Complaint on January 24, 2006 ("Answer"). Plaintiff filed a Response to

1

Defendant's Answer on February 3, 2006 ("Response").[1]

On March 8, 2006, Defendant filed a Motion for Partial Dismissal of All OSHA Claims ("Motion"). In response, Plaintiff filed a Motion to Dispose of Defendant's Motion for Partial Dismissal of All OSHA Claims on March 29, 2006. The Court construes this document to be an opposition to Defendant's Motion ("Opposition").[2] Defendant filed a Reply in support of its Motion for Partial Dismissal on April 27, 2006 ("Reply"). Finally, Plaintiff submitted an additional Reply Memorandum on May 4, 2006.

On May 8, 2006, the parties appeared before the Court for a hearing on the Motions.

**FACTUAL BACKGROUND**[3]

Marcel Sevcik, a member of the Local 368 Laborers'

---

[1] The Federal Rules of Civil Procedure prohibit the filing of a reply to an answer in the absence of a court order. Fed. R. Civ. P. 7(a). Therefore, pro se Plaintiff's Response to Defendant's Answer is not allowed. If Plaintiff so desires, he may seek leave from the Court to amend his Complaint pursuant to Federal Rule of Civil Procedure 15. For the purposes of disposing of Defendant's Motion, the Court will only consider the claims and supporting allegations in Plaintiff's Complaint. However, allegations contained in Plaintiff's Response have been included in the background section of this Order for the purpose of clarifying Plaintiff's version of the events.

[2] To the extent that Plaintiff's Opposition to Defendant's Motion is an independent Motion, it is denied.

[3] The facts as recited in this Order are for the purpose of disposing of this motion and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

Union, was employed as a laborer by Unlimited Construction Services, Inc.. Plaintiff states that the Hawaii Civil Rights Commission reached a decision regarding his complaint on September 30, 2005 and issued a Notice of Dismissal and Right to Sue letter. (Complaint at 1). Plaintiff's subsequent suit, filed in this Court, alleges Defendant engaged in conduct that interfered with his employment and is liable for resulting damages that Plaintiff has suffered. The following background summarizes Plaintiff's version of the events.

Plaintiff was employed as a general laborer by Defendant, where he performed tasks such as chipping and demolishing concrete. (Response at 2-3). Throughout the course of his employment, Plaintiff used tools such as jack-hammers, hammer-drills, and air-powered concrete demolition guns. According to Plaintiff, the equipment often functioned improperly and exerted a great deal of physical stress upon the laborers. Id. Plaintiff also states that Defendant failed to provide anti vibration gloves to ameliorate the impact of the equipment. Ultimately, he experienced pain in his hands that limited his ability to continue to perform such duties. (Complaint ¶¶ a-c).

Plaintiff first officially reported his injury on October 24, 2003 and it was recorded in Defendant's Accident Investigation Report. (Response at 2). Plaintiff believes that this was the first time Vice President Randy Finlay and General

Foreman Renato Blue were made aware of his injury. However, Plaintiff claims that Safety Director/Office Manager Raquel Rabacal ("Rabacal") knew of Plaintiff's health issues months before the official report was filed. (Response at 2).

In the aftermath of the injuries, Defendant informed Plaintiff's doctor that he would be assigned to light duty. Instead, Defendant continued to employ Plaintiff in a full duty capacity. (Complaint ¶ d). Plaintiff also claims that Defendant altered his medical records, which delayed the completion of insurance policy forms. (Complaint ¶ e). Plaintiff was then promised a permanent position that would accommodate his injury, but that promise was never satisfied. (Complaint ¶ g). Instead, Defendant assigned Plaintiff to stages of modified duty in violation of the union's collective bargaining agreement. (Complaint ¶ h). Plaintiff claims that Defendant also interfered with Plaintiff's insurance coverage, prevented opportunities for retraining, and generally discriminated against him because of his disability. (Complaint ¶¶ j-l).

Plaintiff claims he was terminated on January 27, 2004, but Defendant falsely reported that he had quit in its Notice of Layoffs. (Complaint ¶¶ l, m; Response at 5). Plaintiff further alleges that Defendant stated it would rehire him in the Notice of Layoffs, but despite two opportunities to do so, Plaintiff has not been rehired. (Complaint ¶ p). Finally, Plaintiff contends

that Defendant was deceptive in its handling of matters before the Hawaii Civil Rights Commission and violated OSHA record-keeping requirements.

### STANDARD

### I.  Motion to Dismiss: Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), in deciding a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Wileman Bros. & Elliott, Inc. v. Giannini, 909 F.2d 332, 334 (9th Cir. 1990); Shah v. County of Los Angeles, 797 F.2d 743, 745 (9th Cir. 1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory.  Balistreri, 909 F.2d at 699; Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is

likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1979).  The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims.  Id.

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as lack of jurisdiction or the statute of limitations.  2A J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice, ¶12.07 at 12-68 to 12-69 (2d ed. 1991 & supp. 1191-92) (citing Imbler v. Pachtman, 424 U.S. 409 (1976) (emphasis added)).

## II. **Special Considerations Regarding a Pro Se Litigant**

When a plaintiff proceeds pro se, the pleadings must be read more liberally than pleadings drafted by counsel.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).  Before a district court may dismiss a pro se complaint for failure to state a claim upon which relief can be granted, the court must provide the pro se litigant with notice of the deficiencies of

6

the complaint and an opportunity to amend the complaint, if the deficiencies can be cured, prior to dismissal.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge, 832 F.2d at 1136.

## DISCUSSION

To the extent that they are asserted, Defendant moves to dismiss all claims against it that are based on violations of the Occupational Safety and Health Act (hereinafter "the OSHA" or "the Act"), 29 U.S.C. § 651-678 (2005).  The Court will generally address the viability of private causes of action based on violations of the OSHA and then consider Plaintiff's specific claims.

### I.   No Private Cause of Action for OSHA Violations

The Occupational Health and Safety Act, enacted in response to Congress's concern about the rising number of workplace injuries and illnesses, generally requires employers to "furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm . . . ."  OSHA § 654(a).  An employer that violates the Act may be subjected to civil penalties, criminal penalties, or the Secretary of Labor may commence injunctive proceedings.  OSHA §§ 662, 666.  However,

> [n]othing in this chapter shall be construed to

>            supersede or in any manner affect any workmen's
>            compensation law or to enlarge or diminish or affect in
>            any other manner the common law or statutory rights,
>            duties, or liabilities of the employers or employees
>            under any law with respect to injuries, diseases, or
>            death of employees arising out of, or in the course of
>            employment.

OSHA § 653(b)(4).  It is well established by the courts and clear from the plain language of the Act that a violation of the OSHA does not create a private cause of action.  Crane v. Conoco, Inc., 41 F.3d 547, 553 (9th Cir. 1994); Kohl v. Smythe, 25 F. Supp. 2d 1124, 1130 (D. Haw. 1998); Taira v. Oahu Sugar Company, Ltd., 1 Haw. App. 208, 212, 616 P.2d 1026, 1030 (Haw. App. Ct. 1980).[4]

However, in private civil actions with a valid statutory or common law basis, the plaintiff "may seek to introduce applicable OSHA standards to prove the duty owed to the plaintiff by the defendant."  Occupational Safety and Health Law Treatise § 513 (4th ed.) (2005).  As in many jurisdictions, Hawaii courts permit evidence of violations of law, such as the OSHA, to support other civil claims.  Michel v. Valdastri, Ltd., 59 Haw. 53, 55 (1978) (citing Sherry v. Asing, 56 Haw. 135, 149

---

[4] Plaintiff is incorrect when he asserts that the Court may consider his claims involving OSHA violations pursuant to OSHA § 667(a).  OSHA § 667(a) protects the jurisdictional rights of state agencies and courts with regard to occupational health and safety matters that are not governed by the standards promulgated pursuant to OSHA § 655.  This section of the Act does not have the effect of granting jurisdiction to a federal district court over a private cause of action brought as a result of an OSHA violation.

8

(1974)). "Proof of the failure of the defendant to conform his conduct to the standards established by the law for the protection of the class to which the injured party belongs, when shown to have a legitimate connection to the issue, is admissible as evidence of negligence." Valdastri, 59 Haw. at 55. Accordingly, in Valdastri, the court permitted the plaintiff to introduce evidence of alleged violations of the Hawaii Occupational Safety and Health Law, H.R.S. § 396, to support his negligence claim against the defendant. Id.

Later, the state appellate court in Taira conditioned the use of evidence of alleged OSHA violations on there being a causal connection between the alleged violations and the plaintiff's injury. 11 Haw. App. at 213 (holding that evidence of OSHA regulations and related expert testimony were inadmissible because there was no connection between the defendant's OSHA duties and the plaintiff's injuries). In light of these holdings, the Court now considers whether to dismiss Plaintiff's claims that may be based on alleged OSHA violations.[5]

## II. **Plaintiff's Claims**

Plaintiff summarized and labeled his causes of action against Defendant as "insurance fraud, prohibited discriminatory

---

[5] At the May 8, 2006 hearing, Defendant acknowledged that evidence of alleged violations of OSHA may be admitted to establish a safety standard creating a duty the violation of which had a causal connection to Plaintiff's injury, to support his other claims.

9

practice, unlawful employment practice, intentional tort, breach of [Defendant's] duty, breach of contractual arrangements, and false, fraudulent, fictitious claims and misrepresentation of material facts to Hawaii Civil Rights Commission and Equal Employment Opportunity Commission." (Complaint at 7). Plaintiff does not specifically mention any OSHA violations in his summary of claims, although the reference to "unlawful employment practice" could include alleged OSHA violations. Furthermore, Plaintiff concludes his Opposition to Defendant's Motion by stating that he does "not consider violations to which he is referring to in [his] complaint as the OSHA issues anymore." (Opposition at 3).

Therefore, the Court must examine Plaintiff's specific allegations to determine whether they should be construed as asserting private causes of action based on OSHA violations. The Court now considers the allegations in paragraphs (a), (u), and (v) of the Complaint, which Defendant identified as the claims that potentially arise out of alleged OSHA violations.

A.  <u>Allegation (a)</u>

In allegation (a), Plaintiff claims that "Vice President, Mr. Randy Finlay was recklessly authorizing, tolerating lack of administrative and engineering controls in Safety Director/Office Manager's, Mrs. Raquel Rabacal's department, and dangerous, unsafe working conditions and

engineering practices promoted by general foreman, Mr. Renato Blue . . . ." (Complaint ¶ a). The specific language of the allegation makes no reference to the OSHA nor does it recite the statutory language of the Act. While the allegation potentially gives rise to a claim based on a violation of the OSHA, it could also support Plaintiff's claims that Defendant breached a duty, committed an intentional tort, or unlawfully violated unspecified employment practices.

Allegation (a) is dismissed only to the extent that it might be construed as asserting a private cause of action under OSHA. However, evidence of the alleged violation of OSHA may be admitted to establish a safety standard creating a duty the violation of which had a causal connection to Plaintiff's injury, to support his other claims.

B.  Allegation (u)

Plaintiff contends in allegation (u) that Defendant failed to comply with OSHA information-sharing requirements. See Caterpillar, Inc. v. Reich, 111 F.3d 61, 63 (7th Cir. 1997); 29 C.F.R. § 1904.7(b). Employers must keep a log of employee injuries and illnesses. 29 C.F.R. § 1904.4. In addition, employees may request to examine and copy the records. 29 C.F.R. § 1904.7(b). Plaintiff complains "[u]pon my written request, Mrs. Rabacal has altered OSHA's Log 300 by not complying with the conditions under which this document must be provided to the

11

requester. Whole information was withdrawn and only my name was put on the blank document." (Complaint ¶ u). Defendant submits that it provided records such as the OSHA 300 Form to Plaintiff, and admits that it redacted private information regarding other employees. (Answer ¶ 11).

The Court concludes that Plaintiff's claim appears to be based on a direct OSHA violation and does not give rise to a private cause of action. Therefore, allegation (u) is dismissed. However, evidence of the alleged violation of OSHA may be admitted to establish a safety standard creating a duty the violation of which had a causal connection to Plaintiff's injury, to support his other claims.

C.  Allegation (v)

Plaintiff also claims that "[w]hen [he] requested exposure records, [Defendant] claimed they did not exist. If exposure records don't exist the company has violated OSHA's regulations." (Complaint ¶ v). Defendant has denied this allegation. (Answer ¶ 2). The OSHA does require employers to maintain exposure records. 29 C.F.R. § 1910.1020. This allegation does not appear to support any claim other than a direct violation of the OSHA. It is also not possible for Plaintiff to cure this defect by an amended pleading, as a claim based solely on an OSHA violation cannot give rise to a private cause of action. Therefore, allegation (v) is dismissed.

However, evidence of the alleged violation of OSHA may be admitted to establish a safety standard creating a duty the violation of which had a causal connection to Plaintiff's injury, to support his other claims.

## CONCLUSION

The Court dismisses all of Plaintiff's private causes of action based on alleged OSHA violations. Otherwise, in accord with the liberal pleading standards and viewing the allegations in the Complaint in a light most favorable to pro se Plaintiff, the Court concludes that Plaintiff is entitled to proceed with the remainder of his claims.  Evidence of alleged violations of OSHA may be admitted to establish a safety standard creating a duty the violation of which had a causal connection to Plaintiff's injury, to support his other claims.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, May 8, 2006.



_____
Alan C. Kay
Sr. United States District Judge

SEVCIK V. UNLIMITED CONSTRUCTION SERVICES, INC., CIV. NO. 05-00801 ACK/BMK, ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF ALL OSHA CLAIMS AND DENYING PLAINTIFF'S MOTION TO DISPOSE OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL.